SCOTT A. KRONLAND (Lead Counsel, *pro hac vice*)
MATTHEW J. MURRAY (*pro hac vice*)
AMANDA C. LYNCH (*pro hac vice*)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-mail: skronland@altber.com
       mmurray@altber.com
       alynch@altber.com

*Attorneys for Defendants Oregon AFSCME Council 75 and SEIU Local 503, OPEU*

[Additional counsel listed on following page]

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LORIANN ANDERSON, KERRIN FISCUS, KENNETH HILL, RENE LAYTON, MICHAEL MILLER, BERNARD PERKINS, DENNIS RICHEY, KATHIE SIMMONS, KENT WILES, and MELINDA WILTSE, as individuals and representatives of the respective requested classes,<br><br>      Plaintiffs,<br>  v.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION (SEIU) LOCAL 503, OREGON PUBLIC EMPLOYEES UNION (OPEU); OREGON AFSCME COUNCIL 75, labor organizations; KATY COBA, in her official capacity as Director of the Oregon Department of Administrative Services; JACKSON COUNTY, LANE COUNTY, MARION COUNTY, | Case No. 3:18-cv-02013-HZ<br><br>**UNION DEFENDANTS' NOTICE OF SUBSEQUENT AUTHORITY** |

WALLOWA COUNTY, CITY OF
PORTLAND, political subdivisions of the
State of Oregon; WESTERN OREGON
UNIVERSITY, a public higher educational
institution; NORTHWEST SENIOR &
DISABILITY SERVICES, a local
intergovernmental agency,

    Defendants.

_____

[Counsel continued from previous page]

MARGARET S. OLNEY, OSB No. 881359 (Local Counsel)
BENNETT HARTMAN MORRIS & KAPLAN, LLP
210 SW Morrison Street, Suite 500
Portland, OR 97204-3149
Telephone: (503) 227-4600
Facsimile: (503) 248-6800
E-mail: olneym@bennetthartman.com

*Attorney for Defendant Oregon AFSCME Council 75*

JAMES S. COON, OSB No. 771450 (Local Counsel)
THOMAS, COON, NEWTON & FROST
820 SW Second Ave., Suite 200
Portland, OR 97204
Telephone: (503) 228-5222
Facsimile: (503) 273-9175
E-mail: jcoon@tcnf.legal

*Attorney for Defendant SEIU Local 503, OPEU*

Defendants Oregon AFSCME Council 75 and SEIU Local 503, OPEU respectfully give notice of (1) the Order Granting Motion to Dismiss for Lack of Jurisdiction and Granting Intervenors' and Defendants' Motions of Summary Judgment in *Mark R. Smith v. Kate Bieker, et al.*, Case No. 18-cv-05472-VC, 2019 WL 2476679 (N.D. Cal. June 13, 2019) (attached hereto as Exhibit A), and (2) the Order Regarding Motion for Preliminary Injunction in *Cara O'Callaghan, et al. v. Regents of the University of California, et al.*, Case No. 2:19-cv-02289-JVS-DFM, Dkt. 51 (C.D. Cal. June 10, 2019) (attached hereto as Exhibit B). These Orders are relevant to the Union Defendants' pending Motion to Dismiss (Dkt. 24), and the other Defendants' joinders in that motion (Dkts. 28, 29, 38, 39, 51, 52). The Orders each address claims under 42 U.S.C. §1983 challenging the deduction of union dues based on union membership and one-year dues deduction authorization agreements signed before *Janus v. AFSCME, Council 31*, 138 S.Ct. 2448 (June 27, 2018). The same legal issues are presented in this case.

DATED: June 24, 2019

Respectfully submitted,

By: /s/ Matthew J. Murray
Scott A. Kronland (*pro hac vice*)
Matthew J. Murray (*pro hac vice*)
Amanda C. Lynch (*pro hac vice*)
Altshuler Berzon LLP

*Attorneys for Defendants Oregon AFSCME Council 75 and SEIU Local 503, OPEU*

Margaret S. Olney
Bennet Hartman Morris & Kaplan, LLP

*Attorney for Defendant Oregon AFSCME Council 75*

James S. Coon
Thomas, Coon, Newton & Frost

*Attorney for Defendant SEIU Local 503, OPEU*

# EXHIBIT A

2019 WL 2476679
Only the Westlaw citation is currently available.
United States District Court, N.D. California.

Mark R. SMITH, Plaintiff,
v.
Kate BIEKER, et al., Defendants.

Case No. 18-cv-05472-VC
|
Signed 06/13/2019

**Attorneys and Law Firms**

W. James Young, c/o National Right to Work Legal Defense Foundation, Inc., Springfield, VA, for Plaintiff.

Ivan O'Neill Delventhal, Justin Otto Sceva, Steve Cikes, Sloan Sakai Yeung & Wong LLP, Berkeley, CA, for Defendant Kate Bieker.

Jacob Raffel Karabell, April Heather Pullium, Bredhoff and Kaiser, PLLC, Washington, DC, Andrew H. Baker, Beeson Tayer & Bodine, APC, Oakland, CA, for Defendant AFSCME Local 2700.

**ORDER GRANTING MOTION TO DISMISS FOR LACK OF JURISDICTION AND GRANTING INTERVENOR'S AND DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

Re: Dkt. Nos. 50, 62, 63, 64, 65

VINCE CHHABRIA, United States District Judge

 *1  Bieker's motion to dismiss for lack of jurisdiction is granted, and the defendants' and intervenor's motions for summary judgment are granted. Smith's motion for summary judgment is denied.

1. Smith does not have standing to seek a declaratory judgment regarding the constitutionality of California Government Code Section 71632.5, and even if he did, the claim would be moot.

There is no standing because section 71632.5 was not enforced against Smith at any time relevant to this lawsuit. That provision permitted state trial courts to establish agency shop arrangements that required employees who opted not to join the union to nonetheless pay a service fee. Smith's lawsuit, however, stems from his commitment to pay membership dues, not from his public employer's enforcement of a now-unconstitutional agency shop arrangement.

And in any event the claim would be moot because neither the State nor the Superior Court plans to enforce section 71623.5 in the wake of *Janus v. American Federation of State, City, & Municipal Employees, Council 31*, 138 S. Ct. 2448 (2018). Everyone acknowledges the statute is no longer constitutional. The day *Janus* was handed down, the General Counsel of the State's Public Employment Relations Board announced that the Board would no longer enforce any statutes that require non-union members to pay agency fees (this decision was later officially adopted by the Board on October 11, 2018). *See* De La Torre Declaration ¶¶ 3-7, Dkt. No. 65-3. The next day, Smith's employer also announced it would no longer deduct agency fees. *See* Stone Declaration ¶ 11, Ex. A, Dkt. Nos. 52, 52-1. Because the State and the defendants stopped enforcing the provision before this lawsuit was filed in September 2018, there is no need to entertain Smith's argument that the voluntary cessation doctrine governs. *See Sze v. I.N.S.*, 153 F.3d 1005, 1008 (9th Cir. 1998) ("For the exception to apply ... the [defendant's] voluntary cessation 'must have arisen *because of* the litigation.' ") (quoting *Public Utilities Comm'n v. F.E.R.C.*, 100 F.3d 1451, 1460 (9th Cir. 1996) (emphasis in original)). Regardless, enforcement of the provision is not reasonably expected to recur, for the reasons stated in *Danielson v. Inslee*, 345 F. Supp. 3d 1336, 1338-40 (W.D. Wash. 2018). *See also Bermudez v. Service Employees Int'l Union, Local 521*, No. 18-CV-04312-VC, 2019 WL 1615414, at *1 (N.D. Cal. Apr. 16, 2019); *Carey v. Inslee*, 364 F. Supp. 3d 1220, 1225-27 (W.D. Wash. 2019); *Cook v. Brown*, 364 F. Supp. 3d 1184, 1187-90 (D. Or. 2019).

2. Smith's constitutional challenge to the California statutes that were amended by Senate Bill 866 is also moot, for the reasons given in *Babb v. California Teachers Association*, No. 8:18-cv-00994-JLS-DFM, 2019 WL 2022222, at *17 (C.D. Cal. May 8, 2019). As of November 30, 2018, by operation of the membership agreement between Smith and the union, the Superior Court no longer deducts dues from Smith's paycheck. Again, the voluntary cessation doctrine does not apply

because the Superior Court stopped deducting fees by operation of the contract, not because it was responding to Smith's litigation. *Cf. ACLU of Massachusetts v. U.S. Conference of Catholic Bishops*, 705 F.3d 44, 55 (1st Cir. 2013) (concluding that expiration of contract by its own terms is not *voluntary* cessation). And in any event, enforcement of the provision is not reasonably likely to start up again.

**\*2** 3. As a matter of law, Smith is not entitled to a refund of the dues that were deducted from his paychecks from July 2018 (when he resigned) through November 2018. Assuming for argument's sake only that the union's conduct could be "state action" for purposes of a section 1983 claim, [1] Smith's constitutional rights were not violated by the union's insistence on continuing to collect dues from him for a few more months after he resigned. The continued collection of dues until the next revocation period (which in this case was November 30, 2018) was authorized by Smith's membership agreement. None of Smith's four arguments for getting out of this contractual obligation creates a genuine issue of fact:

1   *But see Belgau v. Inslee*, 359 F. Supp. 3d 1000, 1012-15 (W.D. Wash. 2019).

a) Smith contends that *Janus* entitles him to elect to stop paying dues to the union at the drop of a hat. But *Janus* did not concern the relationship of unions and members; it concerned the relationship of unions and non-members. Besides, "the First Amendment does not confer ... a constitutional right to disregard promises that would otherwise be enforced under state law." *Cohen v. Cowles Media Co.*, 501 U.S. 663, 672 (1991); *see also Fisk v. Inslee*, 759 F. App'x 632, 633 (9th Cir. 2019); *Belgau*, 359 F. Supp. 3d at 1009.

b) Smith argues that even if *Janus* doesn't automatically undo the membership agreement, the agreement was invalid at its inception because Smith couldn't have knowingly waived a right that he didn't yet have (namely, the right to avoid paying union fees as a non-member). But changes in intervening law – even constitutional law – do not invalidate a contract. *See Brady v. United States*, 397 U.S. 742, 757 (1970); *Dingle v. Stevenson*, 840 F.3d 171, 174-76 (4th Cir. 2016).

c) Smith also argues that the membership agreement was invalid at its inception because at the time he joined, a union representative encouraged him to sign up, saying the benefits of joining outweighed the discount he would get by declining membership and instead paying agency fees. *See* Smith Deposition at 41, Dkt. No. 62-6. On its face and as a matter of law, the representative's statement – as described by Smith – doesn't amount to an improper threat, fraud, or duress. *See Int'l Technologies Consultants, Inc. v. Pilkington PLC*, 137 F.3d 1382, 1390 (9th Cir. 1998); Restatement (Second) of Contracts § 175 (1981).

d) Smith argues that the union gave up its right to enforce the contract in 2018 because previously, between September 2016 and July 2017, it had declined to enforce the agreement against him. To argue that the union's inaction in the face of Smith's past breach constitutes a waiver of its rights to enforce the contract, Smith would have to show that he detrimentally relied on the acquiescence. *See* 13 Williston on Contracts § 39:35 (4th ed.). He doesn't present evidence of any such reliance. He rejoined the union in July 2017 knowing that he would have to pay the full dues amount to receive the union's benefits. And when he re-resigned the union in July 2018, he did so in reaction to the rights he thought *Janus* gave him. *See* Smith Deposition at 13, Dkt. No. 63-3. Smith provides no evidence that the union's alleged acquiescence to his past breach caused him to believe he could quit at any time, contrary to the membership agreement's terms, without consequences.

**IT IS SO ORDERED.**

**All Citations**

Slip Copy, 2019 WL 2476679

# EXHIBIT B

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-02289JVS(DFMx) | Date | June 10, 2019 |
| Title | Cara O'Callaghan, et al. v. Regents of the University of California, et al. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   [IN CHAMBERS] Order Regarding Motion for Preliminary Injunction

**The Court, having been informed by the parties in this action that they submit on the Court's tentative ruling previously issued, hereby rules in accordance with the tentative ruling as follows:**

Plaintiffs Cara O'Callaghan ("O'Callaghan") and Jenée Misraje ("Misraje") (together—"Plaintiffs") filed a motion for a preliminary injunction against Defendants the Regents of the University of California (the "Regents"), Teamsters Local 2010 (the "Union") and Xavier Becerra, in his official capacity as Attorney General of California (the "Attorney General") (together—"Defendants"). (Mot., Dkt. No. 26-1.) The Regents, the Union, and the Attorney General each filed oppositions. (Opp'ns, Dkt. Nos. 34, 38, 41.) Plaintiffs replied. (Reply, Dkt. No. 46.)

For the following reasons the Court **denies** the motion for a preliminary injunction.

**I. BACKGROUND**

O'Callaghan is the finance manager of the Sport Club program, employed by the University of California, Santa Barbara ("UCSB"). (Complaint, Dkt. No. 1 ¶ 7.) O'Callaghan was employed by UCSB from 2000 to 2004 and has been continuously employed by UCSB since August 2009. (Id. ¶ 14.) When O'Callaghan began her employment again with UCSB in 2009, she did not join the Union, but did pay agency fees to the Union. (Id. ¶ 15.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-02289JVS(DFMx) | Date | June 10, 2019 |
| Title | Cara O'Callaghan, et al. v. Regents of the University of California, et al. | | |

On May 31, 2018, O'Callaghan signed an application joining the Union and authorizing it to deduct union dues from her paycheck after a Union representative came to her workplace. (Id. ¶ 16.) The Union representative did not inform her that a decision was pending in the Supreme Court in Janus v. Am. Fed'n of State, Cty., & Mun. Employees, Council 31, 138 S. Ct. 2448 (2018). (Id.)

On June 27, 2018, the Supreme Court held that agency fees violated "the free speech rights of [non-union] members by compelling them to subsidize private speech on matters of substantial public concern." Id. at 2460.

On July 25, 2018, after learning of the Janus decision, O'Callaghan sent a resignation letter to the Union. (Complaint, Dkt. No. 1 ¶ 17.) The same day, she also sent a letter to UCSB requesting that it stop deducting union dues from her paycheck. (Id.) The Union responded that she was free to resign her membership, but that the payroll deductions would continue until she gave notice pursuant to the terms of the Union's collective bargaining agreement with UCSB. (Id. ¶ 18.) The terms provide that she could not provide such notice until March 31, 2022. (Id. ¶ 19.)

On October 16, 2018, Liberty Justice Center sent a letter to UCSB demanding that it immediately stop deducting union dues from O'Callaghan's paycheck. (Id. ¶ 20.) On October 24, 2018, UCSB referred the Liberty Justice Center letter to the Union via e-mail. (Id. ¶ 21.) On November 9, 2018, the Union confirmed to UCSB via e-mail that it should continue to deduct union dues from O'Callaghan's paycheck. (Id. ¶ 22.) On November 29, 2018, UCSB sent a letter to Liberty Justice Center stating that it would continue to deduct union dues from O'Callaghan's paycheck. (Id. ¶ 23.) The Regents continue to deduct the dues of approximately $41.00 per month. (Id. ¶ 24.)

Misraje is an administrative assistant in the Geography Department at the University of California, Los Angeles ("UCLA"), where she has been employed since May 2015. (Id. ¶¶ 8, 25.) On July 27, 2015, Misraje signed an application joining the Union and authorizing it to deduct dues from her paycheck. (Id. ¶ 26.)

On August 8, 2018, Misraje sent a letter to the Union requesting to withdraw her union membership. (Id. ¶ 27.) On August 9, 2018, the Union responded to Misraje via e-mail that she would be dropped as a full member of the Union, but that she could only

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-02289JVS(DFMx) | Date | June 10, 2019 |
| Title | Cara O'Callaghan, et al. v. Regents of the University of California, et al. | | |

end the deduction of union dues from her paycheck during a particular time window. (Id. ¶ 28.)

On August 27, 2018, Misraje sent an e-mail to the Union, requesting that it immediately terminate her union membership and stop deducting union dues from her paycheck. (Id. ¶ 29.) She likewise sent an email to UCLA requesting that it stop deducting union dues from her paycheck. (Id.) UCLA responded the same day saying that it could not grant her request because all such requests must come through the Union under California law. (Id. ¶ 30.) The Union repeated its response that Misraje was no longer a Union member but could not end deduction of her union dues at that time. (Id. ¶ 31.) Misraje again made similar requests to both the Union and UCLA and received similar responses between October 11, 2018 and December 7, 2018. (Id. ¶¶ 32-3.) According to the terms of the union application that Misraje signed, notice must be sent to both the Union and UCLA at least sixty days but not more than seventy-five days before the anniversary date of the signed agreement. (Id. ¶ 40.) The Regents continue to deduct approximately $53.00 per month of Misraje's paychecks for union dues. (Id. ¶ 41.)

Plaintiffs brought suit against Defendants under 42 U.S.C. § 1983 and 28 U.S.C. § 2201(a) seeking declaratory relief, injunctive relief, and damages for dues previously deducted from their paychecks. (Id. ¶ 6.)

Plaintiffs seek a preliminary injunction that would enjoin: (1) the Union to end their membership, to stop directing the Regents to deduct union dues from Plaintiffs' paychecks, and to stop accepting the dues; (2) the Regents from deducting union dues from Plaintiffs paychecks; (3) the Attorney General from enforcing Cal. Gov't Code §§ 1157.12, 3513(I), 3515, 3515.5, 3583, and all other provisions of California law that require Plaintiffs to wait until a specified window of time to stop the deduction of union dues from their paychecks without their affirmative consent; (4) the Union from acting as Plaintiffs' exclusive representative in bargaining negotiations with their employer, the University of California ("UC") system; (5) the Regents from recognizing the Union as the exclusive representative of Plaintiffs for collective bargaining purposes; and (6) the Attorney General from enforcing Cal. Gov't Code §§ 3570, 3571.1(e), 3574, 3578, and all other provisions of California law that provide for exclusive representation of employees who do not affirmatively consent to union membership. (Not., Dkt. No. 26 at 2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-02289JVS(DFMx) | Date | June 10, 2019 |
| Title | Cara O'Callaghan, et al. v. Regents of the University of California, et al. | | |

## II. Legal Standard

On an application for a preliminary injunction, the plaintiff has the burden to establish that (1) she is likely to succeed on the merits, (2) she is likely to suffer irreparable harm if the preliminary relief is not granted, (3) the balance of equities favors the plaintiff, and (4) the injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 5, 20 (2008).

In the Ninth Circuit, the Winter factors may be evaluated on a sliding scale: "serious questions going to the merits, and a balance of hardships that tips sharply toward the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134–35 (9th Cir. 2011). Moreover, in the Ninth Circuit Plaintiff may meet this burden if he "demonstrates *either* a combination of probable success on the merits and the possibility of irreparable injury *or* that serious questions are raised and the balance of hardships tips sharply in his favor." Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1429 (9th Cir. 1995) (internal quotations and citation omitted) (emphasis in original). "To reach this sliding scale analysis, however, a moving party must, at an 'irreducible minimum,' demonstrate some chance of success on the merits." Global Horizons, Inc. v. U.S. Dep't of Labor, 510 F.3d 1054, 1058 (9th Cir. 2007) (citing Arcamuzi v. Cont'l Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987)).

## III. Discussion

### A. Likelihood of Success on the Merits

#### 1. Dues Deductions

Plaintiffs argue that they are likely to succeed on the merits of their claim that continued deduction of union dues violates their First Amendment rights in light of the Supreme Court's decision in Janus, which held that States and public-sector unions may no longer extract agency fees from nonconsenting employees. Janus, 138 S. Ct. at 2486. But Janus limits its holding to situations in which employees have *not* consented to deductions:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-02289JVS(DFMx) | Date | June 10, 2019 |
| Title | Cara O'Callaghan, et al. v. Regents of the University of California, et al. | | |

> Neither an agency fee nor any other payment to the union may be deducted from a <u>nonmember's</u> wages, nor may any other attempt be made to collect such a payment, <u>unless the employee affirmatively consents to pay</u>. <u>By agreeing to pay, nonmembers are waiving their First Amendment rights</u>, and such a waiver cannot be presumed. Rather, to be effective, the waiver must be freely given and shown by "clear and compelling" evidence. Unless employees clearly and affirmatively consent before any money is taken from them, this standard cannot be met.

<u>Id.</u> (citations omitted) (emphasis added). Since Plaintiffs affirmatively agreed to the terms of union membership, including the terms regarding dues deductions, they have not met their burden of demonstrating a likelihood of success in proving that the continued deductions violate their First Amendment rights. Plaintiffs argue that their consent to dues deductions was not "freely given" "[b]ecause the right not to pay fees or dues to a union had not been announced by the Supreme Court," "they were not given the option to pay nothing to the union," and they thus "could not have known that they were waiving that constitutional right." (Mot., Dkt. No. 26-1 at 1; Reply, Dkt. No. 46 at 3.) But, as the Union points out, nothing in <u>Janus</u>'s holding requires unions to cease deductions for individuals who have affirmatively chosen to become union members and accept the terms of a contract that may limit their ability to revoke authorized dues-deductions in exchange for union membership rights, such as voting, merely because they later decide to resign membership. (Opp'n, Dkt. No. 34 at 9.) <u>See</u> <u>Belgau</u> <u>v.</u> <u>Inslee</u>, No. 18-5620 RJB, 2018 WL 4931602, at *5 (W.D. Wash. Oct. 11, 2018) ("Plaintiffs' assertions that they didn't knowingly give up their First Amendment rights before <u>Janus</u> rings hollow. <u>Janus</u> says nothing about people [who] join a Union, agree to pay dues, and then later change their mind about paying union dues."). Thus, Plaintiffs are unlikely to succeed on the merits of this claim.[1]

As for Plaintiffs' request injunctive relief for the Union to end their membership, that request is moot since the Union has already ended the membership of both Plaintiffs. (Rabinowitz Decl., Dkt No. 34-1 ¶¶ 11-12.)

---

[1] Because Plaintiffs' request for injunctive relief against the Attorney General and the Regents involves enjoining them from enforcing California law that allows these continued deductions that they consented to via their application for union membership, Plaintiffs' likelihood of success for such relief is likewise minimal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-02289JVS(DFMx) | Date | June 10, 2019 |
| Title | Cara O'Callaghan, et al. v. Regents of the University of California, et al. | | |

**2.      Exclusive Representation**

California's Higher Education Employment Relations Act ("HEERA") provides for a system of exclusive representative collective bargaining in which the majority of employees in a bargaining unit may select a union representative to negotiate and administer a single collective bargaining agreement to cover the entire unit.  See Cal. Gov't. Code §§ 3560 et seq.

Plaintiffs argue that "it is a violation of the First Amendment to force citizens to associate with organization or causes with which they do not wish to associate" and that California law allowing the Union to act as the exclusive representative of Plaintiffs "abridges their rights of speech and association."  (Mot., Dkt. No. 26-1 at 1.)  They suggest that Janus recognized that a union's exclusive representation restricts First Amendment rights and that the "First Amendment should not countenance such a restriction."  (Mot., Dkt. No. 26-1 at 9.)  See Janus, 138 S. Ct. at 2460 ("Designating a union as the employees' exclusive representative substantially restricts the rights of individual employees.  Among other things, this designation means that individual employees may not be represented by any agent other than the designated union; nor may individual employees negotiate directly with their employer.").

The Court disagrees.  The Supreme Court in Janus stated:

> We readily acknowledge, as Pickering did, that "the State has interests as an employer in regulating the speech of its employees that differ significantly from those it possesses in connection with regulation of the speech of the citizenry in general." . . . It is also not disputed that the State may require that a union serve as exclusive bargaining agent for its employees—itself a significant impingement on associational freedoms that would not be tolerated in other contexts.  We simply draw the line at allowing the government to go further still and require all employees to support the union irrespective of whether they share its views.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-02289JVS(DFMx) | Date | June 10, 2019 |
| Title | Cara O'Callaghan, et al. v. Regents of the University of California, et al. | | |

138 S. Ct. at 2477–78 (2018) (citations omitted).  Janus makes clear that the a state interest in "labor peace" does not require *both* that a union be an exclusive representative of all employees *and* the payment of agency fees by nonmembers.  Id. at 2480.  Rather, Janus's statement that "designation of a union as exclusive representative and the imposition of agency fees are not inextricably linked" suggests that a state interest can still justify a union acting as an exclusive representative for members and nonmembers alike.  Id.  See Minnesota State Bd. for Cmty. Colleges v. Knight, 465 U.S. 271, 288, 104 S. Ct. 1058, 1068 (1984) ("Appellees' speech and associational rights, however, have not been infringed by Minnesota's restriction of participation in 'meet and confer' sessions to the faculty's exclusive representative.  The state has in no way restrained appellees' freedom to speak on any education-related issue or their freedom to associate or not to associate with whom they please, including the exclusive representative."); Mentele v. Inslee, 916 F.3d 783, 789 (9th Cir. 2019) ("Janus's reference to infringement caused by exclusive union representation, even in the context of its broader discussion of Abood and the Court's long history of relying on labor peace to justify certain provisions in collective bargaining agreements, is not an indication that the Court intended to revise the analytical underpinnings of Knight or otherwise reset the longstanding rules governing the permissibility of mandatory exclusive representation.").  Because both Supreme Court and Ninth Circuit precedent have "specifically acknowledged that exclusive representation is constitutionally permissible," the Court finds that Plaintiffs are unlikely to succeed on their claim and do not pose serious questions going to the merits of their claim that exclusive representation by the Union violates their First Amendment rights.  Mentele, 916 F.3d at 791.  Because the Court finds that Plaintiffs cannot show that serious questions are raised as to the merits, the Court need not decide whether the balance of hardships tips in their favor.  See Johnson, 72 F.3d at 1429.

### B.     Irreparable Harm

Plaintiffs argue that they will be irreparably harmed in the absence of a preliminary injunction because union dues are being "deducted from their paychecks against their will to go towards union advocacy they do not support" and "the Union is "misrepresent[ing] their views in its negotiations with [the Regents]."  (Mot., Dkt. No. 26-1 at 3.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-02289JVS(DFMx) | Date | June 10, 2019 |
|---|---|---|---|
| Title | Cara O'Callaghan, et al. v. Regents of the University of California, et al. | | |

The Court disagrees. Even if Plaintiffs were to prevail on the merits, they would be able to recover the money for their dues deductions. As the Union points out, "the Union's escrow of all fees that have been deducted, or will be deducted through the date when Plaintiffs' payroll-deduction authorizations will terminate, from Plaintiffs' paychecks since their resignation from Union membership eliminates any conceivable First Amendment harm that could be irreparable" because "there is no immediate risk that any of Plaintiffs' money will be used to subsidize the Union's speech." (Opp'n, Dkt. No. 34; Naterman Decl., Dk. No. 34-3 ¶¶ 3-4.) See Belgau, No. 18-5620 RJB, 2018 WL 4931602, at *6 ("Plaintiffs have failed to show that they will suffer irreparable harm in the absence of preliminary relief [because] the Union states that it has, and will continue, to escrow all dues in an interest bearing account until this litigation is resolved and will not use the dues for any Union activity."). Accordingly, the Court finds that the Plaintiffs have not shown that they will be irreparably harmed absent a preliminary injunction.

### C.     Balance of Equities and Public Interest

Plaintiffs also fail to show that the balance of equities or the public interest favors a preliminary injunction because the Union's escrow of Plaintiffs' dues preserves the status quo while the litigation proceeds and the public interest favors enforcement of private contracts. See id. (quoting Steele v. Drummond, 275 U.S. 199, 205 (1927) ("[I]t is a matter of great public concern that freedom of contract be not lightly interfered with.")). Because the Plaintiffs have not met their burden of showing that the Winter factors weigh in their favor, the Court **denies** the motion for a preliminary injunction.

### IV.  CONCLUSION

For the foregoing reasons, the Court **denies** Plaintiffs' motion for a preliminary injunction. Because the Court determines that Plaintiffs' request fails on the merits, it does not address the Attorney General's arguments regarding state action nor the Regents' arguments regarding the Eleventh Amendment.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-02289JVS(DFMx)                              Date   June 10, 2019

Title   Cara O'Callaghan, et al. v. Regents of the University of California, et al.

                                                                          :       0

                                        **Initials of Preparer**      **lmb**