IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

LORIANN ANDERSON, KERRIN FISCUS,
KENNETH HILL, RENE LAYTON,
MICHAEL MILLER, BERNARD PERKINS,
DENNIS RICHEY, KATHIE SIMMONS,
KENT WILES, and MELINDA WILTSE, as
individuals and representatives of the respective
requested classes,

               Plaintiffs,

    v.

SERVICE EMPLOYEES INTERNATIONAL
UNION (SEIU) LOCAL 503, OREGON
PUBLIC EMPLOYEES UNION (OPEU);
OREGON AFSCME COUNCIL 75, labor
organizations; KATY COBA, in her official
capacity as Director of the Oregon Department
of Administrative Services; JACKSON COUNTY,
LANE COUNTY, MARION COUNTY,
WALLOWA COUNTY, CITY OF
PORTLAND, political subdivisions of the State
of Oregon; WESTERN OREGON UNIVERSITY,
a public higher educational institution;

No. 3:18-cv-02013-HZ

OPINION & ORDER

OPINION & ORDER - 1

NORTHWEST SENIOR & DISABILITY
SERVICES, a local intergovernmental agency,

                    Defendants.

HERNÁNDEZ, District Judge:

       Before the Court is Defendants' Motion to Dismiss for failure to state a claim [24].[1] For

the reasons that follow, Defendants' motion is granted, and Plaintiffs' case is dismissed.

## BACKGROUND

       Plaintiffs are ten individuals employed by state or local government entities in Oregon.

Compl. ¶¶ 2, 12-21. Each Plaintiff is in a bargaining unit represented by at least one of the union

defendants or its affiliates. *Id.* ¶¶ 2, 12-21.  Before the Supreme Court's decision in *Janus v.*

*AFSCME, Counsel 31*, 138 S. Ct. 2448, 2486 (2018), Plaintiffs signed agreements to join their

respective unions. *Id.* ¶ 2. Each agreement included a "maintenance of membership" provision.

*Id.* ¶¶ 4, 65, 67. This provision authorized the payment of union dues and was irrevocable for a

period of at least one year. *Id.* As explained by Defendants, the provision authorized the

deduction of union dues—or an amount equivalent to union dues—from Plaintiffs' wages "for a

one-year period, and from year to year thereafter, unless revoked during an annual window

period, regardless of whether the Plaintiff[s] later resigned from union membership." Defs. Mot.

4, ECF 24.

       Following the Court's decision in *Janus*, Plaintiffs resigned their union memberships and

revoked the authorization for deduction of union dues from their wages. Compl. ¶¶ 32, 35, 38,

42, 45, 49, 52, 55, 59, 62. The unions processed the resignations, and Plaintiffs are no longer

---

[1] The substantive motion [24] was filed by Defendants Service Employees International Union
(SEIU) Local 503, Oregon Public Employees Union (OPEU) and Oregon AFSCME Council 75,
and joined by all other defendants, *see* [28][29] [38][39][51][52].

union members. *Id.* ¶¶ 33, 36, 39, 43, 46, 50, 53, 56, 60, 63. However, because each Plaintiff

resigned from membership before the end of the annual window period, Defendants continued to

deduct payment from Plaintiffs' wages. *Id.* ¶¶ 4, 70. The unions informed each Plaintiff that

these deductions would automatically terminate at the end of the one-year deduction

commitment period. *Id.* ¶¶ 33, 36, 39, 43, 46, 50, 53, 56, 60, 63.

Plaintiffs bring a single cause of action under 42 U.S.C. § 1983. Defendants now move to

dismiss the complaint for failure to state a claim.

**STANDARDS**

On a motion to dismiss, the court must review the sufficiency of the complaint. *Scheuer*

*v. Rhodes*, 416 U.S. 232, 236 (1974). A complaint is construed in favor of the plaintiff, and its

factual allegations are taken as true. *Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th

Cir. 2010). "[F]or a complaint to survive a motion to dismiss, the non-conclusory factual content,

and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the

plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal

quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[O]nce a claim has been

stated adequately, it may be supported by showing any set of facts consistent with the allegations

in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). The court, however,

need "not assume the truth of legal conclusions merely because they are cast in the form of

factual allegations." *Id.* "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]

to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of

a cause of action will not do . . ." *Id.* at 555.

//

**DISCUSSION**

Plaintiffs bring a single claim under 42 U.S.C. § 1983, alleging that:

> Each Defendant's maintenance and enforcement of its dues checkoff and
> maintenance of membership provisions and restrictive revocation policies and
> continued deduction and collection of union dues/fees from the wages of
> Plaintiffs and class members, pursuant to ORS 243.776 and ORS 292.055(3),
> without the affirmative authorization and knowing waiver of their First
> Amendment rights violates Plaintiffs' and class members' First Amendment
> rights to free speech and association[.]

Compl. ¶ 85. In other words, Plaintiffs allege that Defendants violate their First Amendment

rights to not subsidize union speech through (a) the "Union Defendants' restrictive revocation

policies; (b) the public employer Defendants' continued dues deductions; and (c) the Union

Defendants' collection of union dues from Plaintiffs . . . without their consent." Pls. Resp. 3,

ECF 53.

To the extent that Plaintiffs challenge Defendants' "revocation policies" and "continued

dues deduction" (under these policies), this challenge lacks merit. *See Fisk v. Inslee*, 759

F. App'x 632, 633 (9th Cir. 2019) ("Appellees' deduction of union dues in accordance with the

membership cards' dues irrevocability provision does not violate Appellants' First Amendment

rights. Although Appellants resigned their membership in the union and objected to providing

continued financial support, the First Amendment does not preclude the enforcement of 'legal

obligations' that are bargained-for and 'self-imposed' under state contract law.") (quoting *Cohen

v. Cowles Media Co.*, 501 U.S. 663, 668–71 (1991)).

However, Plaintiffs also argue that Defendants violate the First Amendment by collecting

union dues without consent. In other words, Plaintiffs appear to argue that the underlying

membership agreement violates Plaintiffs' First Amendment rights because it lacks the "waiver"

Plaintiffs allege is necessary under *Janus*. This argument is also without merit.[2] The membership agreement here does not compel involuntary dues deductions and does not violate the First Amendment. *See Belgau v. Inslee*, 359 F. Supp. 3d 1000, 1016 (W.D. Wash. 2019). All deductions of dues from Plaintiffs' pay are made pursuant to Plaintiffs' explicit written consent in the membership agreements. The parties do not dispute that Plaintiffs signed the membership agreements and that they did not need to do so as a condition of their employment. Plaintiffs could have declined to join the union and paid agency fees instead. In reaching this conclusion, the Court follows the district courts in this circuit that have addressed this issued. *See, e.g.*, *Belgau*, 359 F. Supp. 3d at 1016 (same); *Cooley v. Cal. Statewide Law Enf't Ass'n.*, No. 2:18-cv-02961-JAM-AC, 2019 WL 2994502, at *2 (E.D. Cal. July 9, 2019) ("Mr. Cooley's contractual dues payments to the Union were in no part compulsory."); *Smith v. Bieker*, No. 18-cv-05472-VC, 2019 WL 2476679, at *2 (N.D. Cal. June 13, 2019) ("Smith's constitutional rights were not violated by the union's insistence on continuing to collect dues from him for a few more months after he resigned. The continued collection of dues until the next revocation period . . . was authorized by Smith's membership agreement.").

    To the extent that Plaintiffs may argue they were "coerced" into membership, the Court does not agree. As stated in *Kidwell v. Transportation Communications International Union*, "[w]here the employee has a choice of union membership and the employee chooses to join, the union membership money is not coerced. The employee is a union member voluntarily." 946 F.2d 283, 292–93 (4th Cir. 1991); *see also Cooley*, 2019 WL 331170, at *2 ("Mr. Cooley knowingly agreed to become a dues-paying member of the Union, rather than an agency fee-

---

[2] For this motion, the Court assumes, without deciding, that the conduct at issue is "state action" for the purposes of a § 1983 claim.

paying nonmember, because the cost difference was minimal. That decision was a freely-made choice. The notion that Mr. Cooley may have made a different choice in 2013 (or before) if he knew the Supreme Court would later invalidate public employee agency fee arrangements does not void his previous, knowing agreement."); *Farrell v. Int'l Ass'n. of Firefighters, AFL-CIO, Local 55*, 781 F. Supp. 647, 648–49 (N.D. Cal. 1992) (plaintiffs with option to opt out of union membership under an agency fee were provision were not compelled to join or remain in union). That Plaintiffs' alternative to union dues—i.e., agency fees—was later found unconstitutional when it failed to include a First Amendment waiver does not change this analysis; a "dues-checkoff authorization is a contract between an employee and the employer," *NLRB v. US Postal Service*, 827 F.2d 548 (9th Cir. 1987), and "changes in intervening law—even constitutional law—do not invalidate a contract." *Bieker*, 2019 WL 2476679, at *2 (citing *Brady v. United States*, 397 U.S. 742, 757 (1970) and *Dingle v. Stevenson*, 840 F.3d 171, 174–76 (4th Cir. 2016) ("Contracts in general are a bet on the future.")); *Smith v. Superior Court, Cty of Contra Costa*, 18-cv-05472-VC, 2018 WL 6072806, at *1 (N.D. Cal. Nov. 16, 2018) ("Smith specifically consented for the dues deduction to continue for the full contractual period even if he resigned from the Union. Smith cannot now invoke the First Amendment to wriggle out of his contractual duties. '[T]he First Amendment does not confer . . . a constitutional right to disregard promises that would otherwise be enforced under state law.'" (quoting *Cohen v. Cowles Media Co*., 501 U.S. 663, 672 (1991)). Plaintiffs do not otherwise attack the contract itself, by, for example, arguing that the membership agreement was not supported by consideration, made under duress, or invalid due to mistake. And Plaintiffs fail identify a single court that has found, under these circumstances, either coercion or compelled speech.

*Janus* does not compel a different outcome. *Janus* held that *agency fees* "violate[] the free speech rights of nonmembers by compelling them to subsidize private speech on matters of substantial public concern." 138 S. Ct. at 2460. As noted above, here, unlike in *Janus*, Plaintiffs chose to become dues-paying members of their respective unions, rather than agency fee paying non-members. In doing so, they acknowledged restrictions on when they could withdraw from membership. Thus, because Plaintiffs were voluntary union members, *Janus* does not apply. *See Bieker*, 2019 WL 2476679, at *2 ("*Janus* did not concern the relationship of unions and members; it concerned the relationship of unions and non-members."); *Belgau*, 359 F. Supp. 3d at 1016 ("Plaintiffs' assertions that the agreements are not valid because they had not waived their First Amendment rights under *Janus* in their authorization agreements because they did not know of those rights yet, is without merit. Plaintiffs seek a broad expansion of the holding in *Janus*. *Janus* does not apply here—Janus was not a union member, unlike the Plaintiffs here, and Janus did not agree to a dues deduction, unlike the Plaintiffs here."); *Cooley*, 2019 WL 331170, at *2 ("[T]he relationship between unions and their voluntary members was not at issue in *Janus*.").

In sum, Plaintiffs have failed to allege a constitutional violation. Because there is no constitutional violation, this complaint must be dismissed for failure to state a claim.

## CONCLUSION

For the reasons set forth above, this Court grants Defendants' Motions to Dismiss.

Dated this _____ day of _____, 2019.

_____
MARCO A. HERNÁNDEZ
United States District Judge